Peter ELLIS, Plaintiff-Appellant,

v.

The CITY OF ARVADA, a municipal corporation, Defendant-Appellee.

No. 83CA1024.

Colorado Court of Appeals,
Div. III.

Nov. 29, 1984.

Rehearing Denied Dec. 27, 1984.

Certiorari Denied April 1, 1985.

James L. Gilbert, Richard P. Murphy, Arvada, for plaintiff-appellant.

Patricia C. Tisdale, Asst. City Atty., Arvada, for defendant-appellee.

BERMAN, Judge.

Plaintiff, Peter Ellis, was formerly employed as a police officer by defendant, City of Arvada. In his complaint, he sought to recover a "meritorious pay award" which he alleged he had earned because of a favorable periodic evaluation of his performance, and to which he therefore claimed entitlement under the provisions of a city ordinance. Defendant moved for summary judgment, arguing that payment of the award was discretionary with the city manager, Craig Kocian, who had exercised his discretion and had declined to approve the award because of certain conduct that had been engaged in by plaintiff. The trial court granted defendant's motion, and plaintiff appeals. We affirm.

In support of his contention that entry of judgment against him was improper, plaintiff argues that Ron LeBlanc, an assistant city manager, was legally authorized to approve plaintiff's award and had, in fact, given such approval on a personnel action form that he signed during Kocian's temporary absence from the city. We do not agree that LeBlanc was authorized to approve the meritorious pay award.

Arvada City Charter § 6.2 requires the city manager to "designate by letter *filed with the City Clerk,* a qualified administrative City employee [to perform the city manager's duties during his temporary absence]." (emphasis supplied) Here, Kocian's memorandum designating LeBlanc to

act as city manager was not found in the city clerk's files. In fact, in her deposition the city clerk stated it was the only appointment of a person to act as city manager made by Kocian that had not been found in her official files. Moreover, the clerk stated that she had conducted a search which she believed would have disclosed the memorandum in her office if it existed. These two facts support the city's argument that the memorandum was not filed with the city clerk. *See* CRE 803(10). Since the memorandum appointing LeBlanc to act as the city manager was not filed with the clerk as required, he did not have the authority to approve plaintiff's award.

Alternatively, plaintiff maintains that LeBlanc was the *de facto* city manager. Even if we were to agree with this contention, we would nevertheless conclude that Kocian acted within his discretionary authority under the subject ordinance when he disapproved the award upon his return.

The applicable ordinance provides: "If an employee's performance has been on a continuous and sustained level above the requirements of the job, as determined by the employee performance evaluation, ... the employee *may receive* an incentive payment. Such payment may be an amount equal to up to ten percent of annual salary, made only one time per year and is a lump sum payment, separate and apart from base salary. *All variable meritorious salary incentive payments require prior approval of the City Manager.*" (emphasis supplied)

Thus, and contrary to plaintiff's underlying assumption, the ordinance does not mandate that an award be given to every employee who receives a favorable performance evaluation for a given time period. Rather, the ordinance vests the city manager with discretion to make an award to such an employee. Accordingly, absent fraud or bad faith in the exercise of his authority, the manager's decision is not subject to judicial interference. 3 E. McQuillin, *Municipal Corporations* § 12.-126 (3d ed. 1982).

Here, Kocian's decision was based on plaintiff's recent attempt to defraud his insurance company, conduct that included the filing of a false police report. And, when Kocian disapproved the award, plaintiff had neither received the merit payment nor taken any action in reliance on anything done by LeBlanc. *See City of Sheridan v. Keen,* 34 Colo.App. 228, 524 P.2d 1390 (1974); *cf. Franks v. City of Aurora,* 147 Colo. 25, 362 P.2d 561 (1961). Given these circumstances, Kocian's decision to disapprove the award, including any decision he made to overrule LeBlanc, was not arbitrary and was not made in bad faith. Further, we find nothing in the record to indicate that Kocian's treatment of plaintiff was constitutionally infirm. Therefore, Kocian's action was within his authority under the ordinance, and the trial court's entry of judgment against plaintiff was proper.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.

**C.K.A. and J.H.A., Plaintiffs-Appellees,**